EPIFANIO SÁNCHEZ RIVAS, demandante y recurrente, *v.* MANUEL NIEVES BONET, demandado y recurrido.

*Número:* R-75-333      *Resuelto:* 5 de diciembre de 1975

*José Raúl López de Victoria Bras* y *Mario Báez y García* (abogado sustituto), abogados del recurrente; *Ramos & Riera* y *Luis E. Pérez,* abogados del recurrido.

RESOLUCIÓN

San Juan, Puerto Rico, a 5 de diciembre de 1975

El 29 de octubre de 1975 el recurrente presentó ante este Tribunal solicitud de revisión contra sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en el caso CS-73-4146. El 20 de noviembre de 1975 una Sala de este Tribunal declaró

no ha lugar a dicha solicitud quedando notificadas las partes el día 21 del mismo mes.

Mediante escrito titulado "MOCIÓN SOLICITANDO SE RETENGA EL MANDATO Y SE CONCEDA PRÓRROGA PARA RADICAR MOCIÓN DE RECONSIDERACIÓN", presentado en tiempo ante nos el 3 de diciembre de 1975, el recurrente pidió el remedio que sugiere el título de su escrito.

Dicha Moción, firmada por un abogado distinto al que originalmente representó al recurrente, hace constar que el abogado original está de viaje por el Japón, habiendo salido de Puerto Rico el mismo día que se recibió en su oficina la notificación del no ha lugar al recurso, y que ante dicha "situación imprevista", no estando el nuevo abogado preparado para radicar Moción de Reconsideración, solicita la retención del mandato y la concesión de una prórroga de diez (10) días, a contarse desde el 10 de diciembre de 1975, fecha en que el abogado original regresará a su oficina.

Ordinariamente una moción de este tipo sería denegada de plano por el Secretario, sin tan siquiera someterla ante nuestra consideración, en virtud de lo dispuesto por la Regla 45(b) de nuestro Reglamento. El recurrente advirtió dicha dificultad, sin embargo, y trata de soslayarla pidiendo directamente al Tribunal que ordene al Secretario retener el mandato por el período antes dicho, no obstante las claras disposiciones de la mencionada Regla 45(b).

■ Acceder a lo solicitado frustraría la razón de ser de la Regla 45(b). La facultad que se delegó en la misma al Secretario fue de carácter ministerial, precisamente para que no hubiesen excepciones al término de 10 días laborables que para la radicación de mociones de reconsideración *fundamentadas* estableció la Regla 45(b).

■ Dicha regla provee en lo pertinente:

"(b) Cualquier moción de reconsideración debe radicarse dentro del plazo de 10 días laborables antes dicho. No se aceptará un memorando de autoridades separado ni petición de pró-

rroga para fundamentar una reconsideración radicada debiendo discutirse las autoridades en el cuerpo de la moción. El Secretario denegará de plano cualquier solicitud de prórroga para radicar una moción de reconsideración, o escrito en apoyo de la misma."

A tenor con lo expuesto se declara sin lugar la moción de retención de mandato. En casos futuros el Secretario denegará de plano mociones de este tipo, aun cuando, como en este caso, la misma pretenda dirigirse al Tribunal por encima de la facultad que la Regla 45 (b) delegó en el Secretario.

Se ordena la publicación de esta Resolución conforme las disposiciones de la Regla 44 (c) de nuestro Reglamento.

Lo acordó el Tribunal y certifica el señor Secretario.

(*Fdo.*) Angel G. Hermida

*Secretario General*